**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SEGAN LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| ZYNGA, INC. | § | |
| | § | |
| Defendant. | § | Jury Trial Demanded |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Segan LLC, files this Complaint against Defendant, Zynga, Inc., and, in support thereof, further states and alleges as follows:

### THE PARTIES

1. Plaintiff, Segan LLC, is a New York limited liability company, having a place of business located at 33-00 Northern Boulevard, Long Island City, New York, 11101.

2. Upon information and belief, Defendant Zynga, Inc. is a Delaware corporation, having a place of business located at 444 De Haro Street, Suite 132, San Francisco, California 94107.

### JURISDICTION AND VENUE

3. This is a civil action for infringement under the laws of the United States, Title 35 United States Code §§ 1, *et seq.*

4. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent-exclusive jurisdiction).

1

5.      Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant is a corporation organized and existing under the laws of the State of Delaware and because Defendant has conducted and does conduct business within the District of Delaware.

6.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), as Defendant is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

### A.    Inventors

7.      Joint-inventor Marc Segan is the Founder and President of Plaintiff, Segan LLC, a product invention and development company.  Mr. Segan is a prolific inventor and entrepreneur, having designed and developed numerous electronic and other products over the past thirty-three years that have been licensed to or which have been used by major corporations.  In addition to founding Segan LLC, Mr. Segan founded or co-founded Swartztrauber/Segan Inc., M. H. Segan & Company Inc., Quadlogic Controls Corp., Long Hall Technologies,  L.L.C., and The Animated Animations Company LLC, each of which has developed and produced numerous innovative products that have been widely distributed and highly profitable.

8.      Joint-inventor Gene Lewin has served in management positions for various technology companies for nearly 20 years. For 13 years, beginning in 1993, Mr. Lewin served as the Director of Information Technology for Plaintiff or Plaintiff's predecessor, where Mr. Lewin maintained the information technology infrastructure and provided numerous customized applications, including custom prototyping tools to aid in consumer electronic product design. During his tenure at Segan LLC, Mr. Lewin worked closely with Mr. Segan to develop the concept behind a system for viewing content over a network, which is the subject of the present

patent-in-suit, and developed all of the back-end communications components for the initial prototype of that system.

**B.      U.S. Patent No. 7,054,928**

9.      On May 30, 2006, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,054,928 ("the '928 patent"), entitled "System for Viewing Content over a Network and Method Therefor."  Mr. Segan and Mr. Lewin are named as joint inventors.  A true and correct copy of the '928 patent is attached hereto as Exhibit A.

10.      Plaintiff, Segan LLC, is the owner by assignment of the '928 patent.

11.      On June 30, 2011, Plaintiff sent to Defendant, via United Parcel Service overnight delivery, a copy of the '928 patent and a letter informing Defendant of the '928 patent.

**COUNT I**
**Infringement of the '928 Patent**

12.      Plaintiff incorporates the allegations of paragraphs 1 through 11 as though fully set forth herein.

13.      Upon information and belief, Defendant's business is fundamentally predicated on it making, using, selling, offering for sale, and/or importing into the United States a variety of computer applications covered by the '928 patent, including but not limited to, Café World, CityVille, Empires & Allies, FarmVille, FishVille, FrontierVille, Mafia Wars, PetVille, Treasure Isle, YoVille, and Zynga Poker.

14.      Upon information and belief, Defendant has directly and/or indirectly infringed, and continues to infringe, the '928 patent, by, *inter alia*, making, using, selling, offering for sale, and/or importing these products, in the District of Delaware and elsewhere in the United States.

3

15.    Upon information and belief, Defendant has directly and/or indirectly infringed, and continues to infringe, the '928 patent, by, *inter alia,* distributing, marketing, and/or advertising these products in the District of Delaware and elsewhere in the United States, and is contributing to and inducing others to make, use, offer for sale, sell, import, distribute, market and/or advertise products covered by the '928 patent.

16.    As a direct and proximate result of Defendant's acts of infringement of the '928 patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to relief, in no event less than a reasonable royalty to compensate for Defendant's infringement.

17.    Upon information and belief, Defendant has knowingly, willfully, and deliberately infringed the '928 patent in conscious disregard of Plaintiff's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

18.    Upon information and belief, Defendant will continue to infringe the '928 patent, causing immediate and irreparable harm unless this Court enjoins and restrains Defendant's activities.

19.    Upon information and belief, the infringement by Defendant has, and will, deprive Plaintiff of royalties and other related revenue which Plaintiff would have made or would enjoy in the future; has injured Plaintiff in other respects; and will cause Plaintiff added injury and damage unless Defendant is enjoined from infringing the '928 patent on all products Defendant will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '928 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Segan LLC, respectfully requests this Court to:

A.     Enter judgment for Plaintiff that the '928 patent was duly and legally issued, is valid, enforceable, and has been infringed, directly or indirectly, by Defendant;

B.     Enter judgment for Plaintiff that Defendant has willfully infringed, and is willfully infringing, one or more claims of the '928 patent;

C.     Order Defendant to account in written form for and to pay to Plaintiff actual damages to compensate Plaintiff for Defendant's infringement of the '928 patent through and including the date of entry of the judgment on the jury's verdict, including but not limited to, damages of no less than a reasonable royalty, together with interest and costs under 35 U.S.C. §284, and further order that such damages be trebled due to Defendant's deliberate, willful, and knowing conduct;

D.     Issue a preliminary injunction restraining the Defendant, its directors, officers, agents, employees, successors, subsidiaries, assigns, affiliates and all persons acting in privity or in concert or participation with any of them from the continued infringement, direct or contributory, or active inducement of infringement by others, of the '928 patent;

E.     Issue a permanent injunction restraining the Defendant, its directors, officers, agents, employees, successors, subsidiaries, assigns, affiliates and all persons acting in privity or in concert or participation with any of them from the continued infringement, direct or contributory, or active inducement of infringement by others, of the '928 patent;

5

F.      Direct Defendant to file with this Court, and to serve on Plaintiff, a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.      In lieu of a permanent injunction, order the Defendant to pay to Plaintiff monetary damages that will be suffered as a result of Defendant's continuing post-verdict infringement of the '928 patent by requiring the Defendant to take a compulsory license at a reasonable royalty rate to be determined by the Court on all products that Defendant makes, uses, offers for sale, sells, imports, distributes, markets, or advertises that infringe the '928 patent until the expiration of the '928 patent, which royalty payments shall commence three months after entry of the judgment and shall be made quarterly thereafter, and shall be accompanied by an accounting of the sales of infringing products by the Defendant;

H.      Order such other measures in the form of audit rights, interest on late payments, and appropriate security to protect Plaintiff's rights;

I.      Order Defendant to pay Plaintiff its costs, expenses, and fees, including reasonable attorneys' fees pursuant to 35 U.S.C. § 285, and pre-judgment and post-judgment interest at the maximum rate allowed by law; and

J.      Grant Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands that the issues in this case be tried by a jury.

Dated:  July 29, 2011

Respectfully submitted,

David A. Dorey, Esq.
(DE I.D. No. 5283)
BLANK ROME LLP
1201 Market St.
Wilmington, DE. 19801
(Ph) 302-425-6418
(Fax) 302-428-5102
E-mail: dorey@blankrome.com

**ATTORNEY FOR PLAINTIFF
SEGAN LLC**

**OF-COUNSEL FOR PLAINTIFF
SEGAN LLC:**

Victor M. Wigman, Esq.
Charles R. Wolfe, Jr., Esq.
Brian Wm. Higgins, Esq.
Nicholas M. Nyemah, Esq.

BLANK ROME LLP
Watergate
600 New Hampshire Ave., N.W.
Washington, DC  20037
(Ph)  (202) 772-5800
(Fax)  (202) 772-5858
E-mail: Wigman@blankrome.com
E-mail: Wolfe@blankrome.com
E-mail: Higgins@blankrome.com
E-mail: Nyemah@blankrome.com