UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEGAN LLC,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ZYNGA INC,<br>　　　　　Defendant. | Case No. 14-cv-01315-VC   (JCS)<br><br>**ORDER DENYING MOTION TO COMPEL**<br>Re: Dkt. No. 125 |

　　　　By Joint Letter dated December 31, 2014 (Docket No. 125) Segan moved to compel Zynga to produce one or more Rule 30(b)(6) witnesses, and further cites alleged deficiencies in Zynga's prior written discovery responses (the "Motion"). For the reasons set forth below, the Motion is **DENIED**.

　　　　First, Segan violated Local Rule 37-3 by filing the Motion more than seven (7) days after the close of discovery, and never even sought an extension of this deadline. There is no excuse for this conduct, and it had consequences. First, the written discovery in question was responded to many months ago. *See, e.g.*, MTC 158 (Zynga document request response dated February 8, 2014). Plaintiff had a long time to seek relief regarding those responses. Second, even the Rule 30(b)(6) deposition in question was completed on December 18, 2014, the last day to complete non-expert discovery. Plaintiff should have sought an extension of the motion cutoff, rather than rush to file an untimely letter by the end of the year. The consequences of this failure are obvious: Plaintiff never met and conferred with Segan on the matters at issue in the Motion after the deposition -- either in person as required by this Court's orders, or by telephone or video conference. Indeed, rather than meet and confer in person after the deposition but before the motion deadline, or seek an extension from the Court, Segan apparently provided Zynga with a draft of its portion of the Joint Letter six (6) days after the deposition on Christmas Eve -- hours

before the motion cutoff -- seeking Zynga's portion of the Joint Letter by December 29, 2014.  As a result, the Motion (actually, the lengthy appendix to the Motion) is a laundry list of grievances that have obviously not been reduced to the core disagreements by a meet and confer process.

Second, Segan violated the orders of this Court by failing to meet and confer in person before filing the letter.  By order dated June 10, 2014, the Court directed the parties to meet and confer in person before filing a Joint Letter.  Docket No. 69.   Instead of following this Order, Segan tried to do an end run around both the meet and confer requirement, and the need for a Joint Letter, by filing its own unilateral letter on December 18, 2014 regarding the 30(b)(6) deposition and other matters that it raised later by the Motion.  That improper letter sought no extension, and purported to bring the issues to the Court's attention not for any relief but to "preserve" the issues.  In response, the Court denied the letter (Docket No. 119) on the basis that Segan failed to follow the previously ordered meet and confer and Joint Letter process.  Nonetheless, even with this directive from the Court, before filing the Motion, Segan neither met and conferred (whether in person as ordered or by phone), nor sought an extension to the motion deadline.

Segan claims that this failure is excused by the negotiations that led up to the 30(b)(6) deposition.  Segan is mistaken:  the point of requiring a meet and confer after a deposition, rather than before, is that the parties can focus on what was actually asked and answered at the deposition.  That is in fact what Segan intended:  it went forward with the deposition to "see what Zynga was willing to provide." Joint Letter at 2.  Having found out what Segan would provide, the next step would be for Segan to address the perceived inadequacies with Zynga.  It did not.  Indeed, what Segan does in the Motion -- cite to failures evident from the transcript of the deposition -- is an exercise that is required before the Motion in the context of a meet and confer.  In any event, the negotiations regarding the scope of a 30((b)(6) deposition are certainly  no excuse for Segan's failure to meet and confer in person regarding written discovery responses that occurred months before.

Third, were the Court inclined to consider the merits of the Motion, it would be denied.  Despite the fact that Segan had not obtained a Court order as required under 30(a)(2) for a second 30(b)(6) deposition, Zynga presented witnesses LeBreton, Nafar and Courant on December 16 and

18. The witnesses testified at length about the topics at issue on this motion (1-3, 5-7 10 and 12). While there were a few questions that the witnesses could not answer, Segan does not even attempt to show that a 30(b)(6) deposition on those questions is necessary: The very limited topics on which the witness could not testify appear to the Court of limited if any relevance, and many of which concern subjects that are of necessity covered in documents.  Plaintiff makes no attempt to show why answers to the specific questions not answered would be useful in this case:  It merely asserts relevance in a conclusory fashion.   Plaintiff has an obligation to demonstrate that the burden of an additional 30(b)(6) deposition on the few questions not answered is justified under the proportionality requirements of Rule 26.  Plaintiff has not even tried to do so.

**IT IS SO ORDERED.**

Dated: January 14, 2015

_____
JOSEPH C. SPERO
United States Magistrate Judge

3